UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Anthony Rimas

    v.    Civil No. 24-cv-391-LM-AJ
           Opinion No. 2024 DNH 104 P

United States of America

**O R D E R**

The petitioner, Anthony Rimas, moves for resentencing pursuant to 28 U.S.C. § 2255, contending that he was denied effective assistance of counsel when his attorney failed to raise a particular argument that a cross reference within the offense guideline pertaining to Rimas's crime of conviction did not apply. Rimas's petition is presently before the court for an initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"). For the following reasons, Rimas's petition must be dismissed because it is plain he is not entitled to relief.

**STANDARD OF REVIEW**

A prisoner serving a sentence imposed by a federal court may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255; accord Kenney v. United States, Civ. No. 20-cv-00207-LM, 2020 WL 869791, at *1 (D.N.H. Feb. 21, 2020). Upon filing, the court examines the petition to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the movant is not entitled to relief." 2255 Rules, Rule 4(b). If it is plain that the petitioner is not entitled to relief, the petition must be dismissed. Id. Otherwise, the court generally directs the government to respond. Id.

## BACKGROUND[1]

On July 20, 2021, Rimas was charged in an information with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1). That same day, Rimas and the government filed a plea agreement. The plea agreement contained a stipulated version of the facts of the offense. Rimas agreed that, if the case proceeded to trial, the government would introduce evidence of the stipulated facts, which would prove the elements of the offense beyond a reasonable doubt.

Rimas stipulated that, in October 2020, he began communicating with a person whom he believed to be a 14-year-old girl using a messaging application. In reality, Rimas was communicating with an undercover law enforcement officer purporting to be a minor. Rimas communicated with the officer from October 15, 2020, through at least February 3, 2021. On October 30, 2020, he asked whether she would "stroke and suck" his penis when they met, and said "I bet you will you are just nervous." On February 3, 2021, he asked the undercover to send him a picture of her naked body with her breasts and genitals exposed, and gave her instructions for how to do so.

---

[1] The following facts are derived from the record of Rimas's criminal proceeding. See United States v. Rimas, Crim. No. 21-cr-121-LM-1 (D.N.H. July 20, 2021).

After conducting further investigation (which yielded evidence that Rimas asked an additional undercover officer purporting to be a 12-year-old to have sex with him), officers obtained and executed a search warrant on Rimas's home. During that search, officers recovered a laptop containing over fifty files of child pornography, including files involving infants and toddlers, and a miniature storage device containing an additional video file of child pornography. Officers also recovered Rimas's cell phone, which contained at least three video files of child pornography. Data on the phone showed that Rimas received one file on March 2, 2021, and the other two on March 9, 2021. Rimas's phone also contained all of his communications with the undercover officers.

On September 2, 2021, Rimas waived indictment and pled guilty to the single count of receipt of child pornography alleged in the information. Following the change-of-plea hearing, the parties disputed the application of a cross reference to U.S.S.G. § 2G2.1 within § 2G2.2—the latter being the offense guideline applicable to § 2252(a)(2)(B). The cross reference provides that, "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," the court should calculate the defendant's offense level using § 2G2.1 rather than § 2G2.2 if doing so would result in a greater offense level. U.S.S.G. § 2G2.2(c)(1). Probation and the government took the position that the cross reference applied in light of Rimas's February 2021 conversation with the undercover officer because that conversation involved Rimas asking a person whom

he believed to be a minor to send him sexually explicit images. Defense counsel primarily argued in opposition that Rimas only asked for such a photograph after being prompted by the undercover. The court overruled defense counsel's objection and applied the cross reference. Defense counsel did not meaningfully advance another argument that the cross reference was inapplicable.

After resolving the remainder of defense counsel's contentions regarding the appropriate guidelines sentencing range, the court determined that Rimas's total offense level was 31 and his criminal history category was I, which yielded an advisory sentencing guidelines range of 108 to 135 months. The government argued for a low-end guidelines sentence of 108 months, and defense counsel argued for the mandatory minimum sentence of 60 months. The court ultimately sentenced Rimas to 108 months.

## DISCUSSION

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must make a two-part showing. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, he must show "that counsel's performance was deficient." Id. To satisfy this "performance" prong, the petitioner must demonstrate that defense counsel's performance "fell below an objective standard of reasonableness." Id. at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Second, the petitioner must show that defense counsel's "deficient performance prejudiced the defense." Id. at 687. To

satisfy this "prejudice" prong, the petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Rimas, who is proceeding pro se, argues that trial counsel was constitutionally ineffective because he failed to argue for application of the sentencing guideline applicable to attempt, U.S.S.G. § 2X1.1. To the extent Rimas intends to argue that defense counsel rendered deficient performance by failing to argue that § 2X1.1 was the offense guideline applicable to his crime of conviction, he is incorrect. The first step in determining the applicable sentencing guidelines range is to determine "the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction." U.S.S.G. § 1B1.1(a)(1); see also § 1B1.2(a) (instructing the court to first "[d]etermine the offense guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted)"). Here, Rimas's offense of conviction was receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). The offense guideline applicable to a violation of 18 U.S.C. § 2252A(a) is § 2G2.2. See U.S.S.G. App'x A (Statutory Index). Section 2X1.1 governs certain inchoate offenses such as attempt, solicitation, and conspiracy. See § 2X1.1. Rimas's offense of conviction was a substantive offense, not an inchoate offense. Thus, to the extent Rimas argues trial

counsel was constitutionally deficient in failing to argue that § 2X1.1 governed his offense of conviction, it is plain he is not entitled to relief.

Rimas fares no better to the extent he argues that counsel was ineffective in failing to argue that the cross reference to § 2G2.2 within § 2G2.1 does not apply when the defendant is unsuccessful in persuading a minor to produce sexually explicit images. Section 2X1.1 makes clear that, when a defendant's offense "is expressly covered by another offense guideline section," § 2X1.1 does not apply. § 2X1.1(c)(1). As noted, the cross reference in § 2G2.2 provides that, "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," the court should determine the defendant's offense level using § 2G2.1 rather than § 2G2.2 if doing so would result in a greater offense level. § 2G2.2(c)(1). The Application Notes state that this cross reference "is to be construed broadly and includes all instances where the offense involved . . . persuading, inducing, enticing, [or] coercing . . . a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct." § 2G2.2, Application Note 7.

Here, the court applied the cross reference because the undisputed evidence showed that, on February 3, 2021, Rimas asked a person whom he believed to be a 14-year-old girl to send him a picture of her naked body with her breasts and genitals exposed, and gave her instructions for how to do so. Therefore, Rimas persuaded, enticed, or coerced a minor to engage in sexually explicit conduct for the

6

purpose of producing a visual depiction of that conduct, and the cross reference applies. See U.S.S.G. § 2G2.1(c)(1); Application Note 7; see also Application Note 1 (defining "minor" to include an undercover law enforcement officer representing to be a minor). That Rimas was unsuccessful in persuading the purported minor to provide him with sexually explicit images does not alter this conclusion. Because the cross reference applies, trial counsel was not constitutionally deficient in failing to argue that the cross reference does not extend to Rimas's undisputed conduct.

Because it is plain from Rimas's petition and the record of his criminal proceeding that he is not entitled to relief, his petition must be dismissed. 2255 Rules, Rule 4(b).

## CONCLUSION

Rimas's petition (doc. no. 1) is dismissed. The clerk is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 12, 2024

cc:   Anthony Rimas, pro se